UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURTIS F. SAMPLE, JR.,

    Petitioner,

    v.                                      CAUSE NO. 3:18-CV-284-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Curtis F. Sample, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a disciplinary hearing officer (DHO) found him guilty of Trafficking in violation of Indiana Department of Correction offense A-113 and sanctioned him with the loss of 90 days earned credit time and demoted him from Credit Class 1 to Credit Class 2 on October 20, 2017, under case number ISP 17-10-146. ECF 1. He raises three grounds in his petition. *Id*. The Warden filed a response. ECF 8. Sample did not file a traverse and time for doing so has long since passed.

In Ground One, Sample argues he was denied a copy of the investigative report. This is not uncommon. The DHO is "entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Here, the report was filed under seal and the court has previously held it "contains sensitive information, the disclosure of which could be harmful to other individuals or compromise the security of the facility." ECF 11 at 1. Moreover, the

court has reviewed the report again and found it does not contain any exculpatory evidence. *See Jeffries v. Neal*, 737 Fed. Appx. 791, 793 (7th Cir. 2018) ("our review of the internal-affairs file confirms that it contains no evidence contradicting the hearing officer's conclusion . . .."). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Because the DHO reviewed and considered the evidence in the investigative report, there was no violation of his due process rights. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of exculpatory evidence). Therefore it was not a due process violation for the DHO to have withheld the investigative report.

In Ground Two, Sample argues he was denied a continuance so he could obtain a copy of the investigative report. As previously explained, Sample was not entitled to a copy of the report. Moreover, he was not entitled to a continuance either. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore it was not a due process violation for the DHO to have denied a continuance.

In Ground Three, Sample argues he was denied 24 hour advance written notice of the factual basis of the charges before the hearing was held. However, Sample waived his right to 24 hour notice. *See* ECF 8-3. Because he waived his right to 24 hour

notice, it was not a due process violation to have held the hearing less than 24 hours after he was notified of the charge against him.

If Sample wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith. Nevertheless, if Sample files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Curtis F. Sample, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on December 23, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT